# ORIGINAL

**FILED** IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**FEB 1 7 2004**

LUTHER D. Thomas, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN RAMSEY, PATSY RAMSEY and BURKE RAMSEY, a minor, by his next friends and natural parents, JOHN RAMSEY and PATSY RAMSEY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) | NO. 1 03 CV-3976 -*TWT* |
| FOX NEWS NETWORK, L.L.C., d/b/a Fox News Channel, | ) ) ) | |
| Defendant. | ) ) ) | |

## FIRST AMENDED COMPLAINT FOR DEFAMATION

COME NOW John Ramsey, Patsy Ramsey and Burke Ramsey, a minor, by his next friends and natural parents, John Ramsey and Patsy Ramsey, and prior to service of a responsive pleading, respectfully state their First Amended Complaint for Defamation against Fox News Network, L.L.C., doing business as Fox News Channel as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs John and Patsy Ramsey are married individuals who currently maintain residences in the State of Georgia and the State of Michigan.

2.

John and Patsy Ramsey are citizens of the State of Michigan for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

3.

Plaintiff Burke Ramsey, age seventeen (17), is a minor child as defined by O.C.G.A. § 39-1-1.

4.

John and Patsy Ramsey are the natural parents of Burke Ramsey and pursuant to O.C.G.A. § 9-11-17(c), bring this action against Defendant on behalf of Burke Ramsey as his next friends.

5.

Burke Ramsey resides in the State of Michigan with his natural parents.

6.

Burke Ramsey is a citizen of the State of Michigan for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7.

Defendant Fox News Network, LLC, doing business as Fox News Channel (hereinafter "Fox News") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business being located at 1211 Avenue of the Americas, New York, New York 10036.

8.

Fox News is a citizen of the State of Delaware for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

9.

This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10.

Fox News is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 (3) with proper venue pursuant to 28 U.S.C. § 1391.

11.

Among other corporate activities, Fox News owns and operates a twenty-four (24) hour cable news channel known as Fox News Channel.

12.

Fox News owns, operates and maintains an Internet website known as Fox News ONLINE and located at www.foxnews.com.

13.

Fox News maintains a broadcast studio and offices in Atlanta, Georgia from which remote interviews are conducted for broadcast around the United States.

14.

Fox News regularly does or solicits business in the State of Georgia, engages in a persistent course of business conduct in the State of Georgia and derives substantial revenue from broadcasts reaching the State of Georgia.

15.

At all times pertinent and relevant to the incidents described in this Complaint, Carol McKinley ("Ms. McKinley") was employed by Fox News as a television reporter and correspondent.

16.

At all times pertinent and relevant to the incidents described in this Complaint, Ms. McKinley was acting within the scope of her employment relationship with Fox News.

17.

The acts, omissions and knowledge of Ms. McKinley, as an employee of Fox News, are imputed to Fox News as a matter of law.

**FACTUAL BACKGROUND**

18.

On the night of December 25, 1996 or during the early morning hours of December 26, 1996, while John, Patsy and Burke Ramsey were sleeping in their former home in Boulder, Colorado, an unknown assailant brutally assaulted and murdered John and Patsy Ramsey's six (6) year old daughter, JonBenét Ramsey.

19.

At the time of his sister's murder, Burke Ramsey was nine (9) years old.

20.

Since the date of her death, the murder of JonBenét Ramsey has been investigated by law enforcement officials in the State of Colorado, including detectives and other members of the City of Boulder Police Department and the Boulder County District Attorney's Office.

21.

The investigation of the murder of JonBenét Ramsey has included a grand jury investigation in Boulder County, Colorado, commencing in September of 1998 and ending in October of 1999 without criminal charges or indictments being brought against any individual.

22.

During the course of the murder investigation, evidence has been discovered and developed that links an intruder to the brutal murder of JonBenét Ramsey.

23.

As of the date of the filing of this Complaint, the murderer of JonBenét Ramsey has not been discovered and no criminal charges have been filed against any individual in connection with her tragic, untimely and brutal death.

24.

While John and Patsy Ramsey were at some point in the past described by the Chief of the Boulder Police Department as being "under the umbrella of suspicion" with respect to the investigation of the murder of JonBenét Ramsey, Burke Ramsey has never been considered by law enforcement authorities to be a suspect with respect to the investigation of the murder of his sister.

25.

John Ramsey was not involved in the murder of his daughter, JonBenét.

26.

Patsy Ramsey was not involved in the murder of her daughter, JonBenét.

- 6 -

27.

Burke Ramsey was not involved in the murder of his sister, JonBenét.

## THE FALSE AND DEFAMATORY FOX NEWS BROADCAST

28.

On December 27, 2002, in connection with the sixth (6th) anniversary of the murder of JonBenét Ramsey, Fox News televised a news segment about the JonBenét Ramsey murder investigation on the Fox News Channel ("the December 27 Ramsey segment"), a true and correct transcript of the December 27 Ramsey segment being attached hereto as Exhibit "A" and by reference made a part hereof.

29.

In the December 27 Ramsey segment, Ms. McKinley uttered the following false and defamatory statements of and concerning John, Patsy and Burke Ramsey:

> Detectives say they had good reason to suspect the Ramseys. The couple and JonBenét's nine-year-old brother, Burke, were the only known people in the house the night she was killed. JonBenét had been strangled, bludgeoned and sexually assaulted, most likely from one of her mother's paintbrushes. The longest ransom note most experts have ever seen – three pages – was left behind. Whomever killed her spent a long time in the family home. Yet, there has never been any evidence to link an intruder to her brutal murder.

30.

The gist of the statements uttered by Ms. McKinley in the December 27 Ramsey segment conveyed that Boulder detectives suspected Burke Ramsey was involved in the murder of his sister, JonBenét.

31.

The gist of the statements uttered by Ms. McKinley in the December 27 Ramsey segment conveyed that Boulder detectives had good reason to suspect that Burke Ramsey was involved in the murder of his sister, JonBenét.

32.

The gist of the statements uttered by Ms. McKinley in the December 27 Ramsey segment conveyed that in all probability, one or more members of the Ramsey family was involved in the murder of JonBenét.

33.

The gist of the December 27 Ramsey segment is false and defamatory.

34.

The statement uttered by Ms. McKinley that "[d]etectives say they had good reason to suspect the Ramseys" is a false statement of fact and defamed Burke Ramsey.

35.

Boulder police detectives and the district attorney's detectives have never said that Burke Ramsey was a suspect in the investigation of the murder of JonBenét Ramsey.

36.

Boulder police detectives and the district attorney's detectives have never considered Burke Ramsey to be a suspect in the investigation of the murder of JonBenét Ramsey.

37.

No incriminating evidence or good reason has ever existed linking Burke Ramsey to the murder of his sister or causing Boulder police detectives and the district attorney's detectives to consider him to be a suspect in the investigation of her murder.

38.

Burke Ramsey has never been a suspect in the investigation of the murder of his sister as conclusively established by the October 12, 2000 sworn affidavit of former Boulder District Attorney Alexander M. Hunter, the original of said affidavit being attached hereto as Exhibit "B" and by reference made a part hereof.

39.

Prior to the broadcast of the December 27 Ramsey segment, knowledgeable officials of the City of Boulder Police Department and the Boulder County District Attorney's office had publicly stated that Burke Ramsey was not a suspect in connection with his sister's murder and was not being looked at as a possible suspect.

40.

The statement uttered by Ms. McKinley that "there has never been any evidence to link an intruder to [JonBenét's] brutal murder" is a false statement of fact and defamed the Ramsey family members in the home the night of her murder, namely, John, Patsy and Burke Ramsey.

41.

Substantial evidence gathered by law enforcement officers in the investigation of JonBenét Ramsey's death links an intruder to her brutal murder, including:

- Male DNA found on JonBenét's panties that is not the DNA of anyone in the Ramsey family and has not been sourced;
- Male DNA found under JonBenét's fingernails of both hands that is not the DNA of anyone in the Ramsey family and has not been sourced;

- Two pairs of marks on JonBenét's body which indicate that a stun gun was used to subject and torture her;

- Evidence of an intruder found in the Ramseys' basement, including a broken open window with a suitcase and broken glass under it, and a window-well to this window with signs of recent disturbance;

- Material from the window-well found in the room where JonBenét was discovered;

- Male pubic or ancillary hair and numerous fibers found on JonBenét's body, clothing and blanket which do not match anything in the Ramsey home and have not been sourced;

- Unidentified shoe prints in the basement and unidentified palm prints on the door to the room where JonBenét was found, which do not match those of anyone in the Ramsey home and have not been sourced;

- JonBenét's autopsy findings, which indicate that she was sexually assaulted, strangled, tortured and then bludgeoned at or near the point of death - physical evidence of the manner and timing of her death which does not fit the theory of an accidental killing by a parent or sibling followed by staging;

- The garrote and slipknots used to bind and kill JonBenét were sophisticated torture and bondage devices which no one in the Ramsey family had the knowledge to construct;

- Materials used to assault and strangle JonBenét - the stun gun, nylon cord and duct tape - which necessarily existed but which were never owned by the Ramseys and were not found in their home;

- A missing portion of the paintbrush handle which was used to construct the garrote and may have been used to sexually assault JonBenét;

- A three-page handwritten ransom note which law enforcement experts have not identified as being authored by any member of the Ramsey family;

- Missing pages from the pad on which the ransom note was written;

- The "butler's" door found open the morning of the murder, near which was found an unsourced baseball bat that had fibers on it consistent with those found in the basement where JonBenét's body was found; and

- Complete absence of evidence of motive or history indicating that John, Patsy or Burke Ramsey were capable

of murdering JonBenét or staging an elaborate cover up of the crime.

## NEGLIGENCE AND ACTUAL MALICE

42.

John, Patsy and Burke Ramsey are not public figures for purposes of filing this defamation action.

43.

Fox News and Ms. McKinley negligently broadcast the false and defamatory statements about Plaintiffs in the December 27 Ramsey segment.

44.

Fox News and Ms. McKinley broadcast the false and defamatory statements about Plaintiffs in the December 27 Ramsey segment with actual malice in that they broadcast said statements with actual knowledge of falsity or with a reckless disregard for the truth or falsity of said statements.

45.

Defendant knowingly published the false and defamatory statements contained in the December 27 Ramsey segment about Burke Ramsey being a suspect without corroboration and without any reliable, trustworthy or credible sources for said statements.

46.

The fact that Boulder police detectives and the district attorney's detectives had never considered Burke Ramsey to be a suspect in connection with the investigation of the murder of JonBenét Ramsey was well known to Fox News and Ms. McKinley prior to the broadcast of the Ramsey segment as it had been the subject of substantial print and broadcast media coverage prior to December 27, 2002.

47.

The evidence linking an intruder to the brutal murder of JonBenét Ramsey was well known to Fox News and Ms. McKinley prior to the broadcast of the Ramsey segment as it had been the subject of substantial print and broadcast media coverage prior to December 27, 2002.

48.

Prior to December 27, 2002, Ms. McKinley had actual and firsthand personal knowledge of the evidence linking an intruder to the brutal murder of JonBenét Ramsey by virtue of her discussions with Lou Smit, the veteran homicide detective formerly and currently employed by the Boulder County District Attorney's Office to work on the JonBenét Ramsey murder investigation.

49.

Prior to December 27, 2002, Ms. McKinley personally viewed Detective Smit's PowerPoint presentation on the JonBenét Ramsey murder which demonstrated and displayed actual crime scene evidence and police forensic reports linking an intruder to the brutal murder.

50.

Evidence linking an intruder to the brutal murder of JonBenét Ramsey was also a matter of public record and available for public review prior to December 27, 2002 in civil litigation captioned *Robert Christian Wolf v. John Bennett Ramsey and Patricia Paugh Ramsey*, Civil Action file No. 00-CIV-1187 (JEC) in the United States District Court for the Northern District of Georgia, Atlanta Division.

51.

On March 31, 2003 Judge Julie E. Carnes of the United States District Court for the Northern District of Georgia entered an order granting summary judgment in favor of John and Patsy Ramsey in the *Wolf v. Ramsey* civil action, stating in pertinent part:

> Moreover, the weight of the evidence is more consistent with a theory that an intruder murdered JonBenét than it is with a theory that Mrs. Ramsey did so.

- 15 -

ORDER, *Wolf v. John Bennett Ramsey and Patricia Paugh Ramsey*, Civil Action file No. 00-CIV-1187 (JEC) at 90.

52.

On April 7, 2003, Boulder District Attorney Mary T. Keenan issued a public statement in which she concurred with Judge Carnes' conclusion, stating in pertinent part:

> I have carefully reviewed the Order of United States District Court Judge Julie Carnes in the civil case of *Wolf v. John Ramsey and Patricia Ramsey*. I agree with the Court's conclusion that "the weight of the evidence is more consistent with a theory that an intruder murdered JonBenét than it is with a theory that Mrs. Ramsey did so."

53.

At the time of the broadcast on December 27, 2002, Fox News and Ms. McKinley had actual knowledge that the statements that detectives had good reason to suspect Burke Ramsey and that there has never been any evidence to link an intruder to [JonBenét's] brutal murder were false statements.

54.

Fox News and Ms. McKinley have a multi-year history of reporting on the JonBenét Ramsey murder in a manner that is intentionally biased and slanted against the Ramsey family.

## DAMAGES

55.

The false and defamatory statements about John, Patsy and Burke Ramsey published in the December 27 Ramsey segment are libelous per se.

56.

As a direct and proximate result of the false and defamatory statements broadcast by Fox News, the reputations of John, Patsy and Burke Ramsey have suffered permanent injury throughout the United States and the world with the most significant damage to their reputations occurring in the state of Georgia where they resided in December of 2002.

57.

As a direct and proximate result of the false and defamatory statements broadcast by Fox News, millions of members of the public were led to believe that Burke Ramsey was considered by detectives to be a suspect in the investigation of the murder of his sister.

58.

As a direct and proximate result of the false and defamatory statements broadcast by Fox News, millions of members of the public were led to believe that John Ramsey was criminally

involved in the murder of his daughter as a principal and/or co-conspirator and/or as an accessory.

59.

As a direct and proximate result of the false and defamatory statements broadcast by Fox News, millions of members of the public were led to believe that Patsy Ramsey was criminally involved in the murder of her daughter as a principal and/or co-conspirator and/or as an accessory.

60.

As a direct and proximate result of the false and defamatory statements broadcast by Fox News, millions of members of the public were led to believe that Burke Ramsey was criminally involved in the murder of his sister as a principal and/or co-conspirator and/or as an accessory.

61.

As a direct and proximate result of the false and defamatory statements broadcast by Fox News, John, Patsy and Burke Ramsey have suffered public hatred, contempt and ridicule.

62.

As a direct and proximate result of the false and defamatory statements broadcast by Fox News, John, Patsy and Burke Ramsey have suffered stress, emotional distress, humiliation, anger and other mental pain and suffering.

- 18 -

63.

The conduct of Fox News demonstrates willful misconduct and that entire want of care that raises a presumption of conscious indifference to consequences.

64.

John, Patsy and Burke Ramsey are entitled to an award of punitive damages from Fox News in order to punish and penalize Fox News and to deter it from repeating such unlawful conduct.

65.

In accordance with the requirements of O.C.G.A. § 51-5-12, a formal retraction demand was served upon Fox News on January 6, 2003.

66.

Despite the overwhelming evidence that the statement that the statements that detectives had good reason to suspect Burke Ramsey and that there has never been any evidence to link an intruder to [JonBenét's] brutal murder were false statements, Fox News refused to publish the requested formal retraction and correction.

WHEREFORE, Plaintiffs, John Ramsey, Patsy Ramsey and Burke Ramsey, demand:

(a) Trial by jury;

(b) That judgment be entered against Defendant, Fox News Network, L.L.C., awarding compensatory damages to each Plaintiff in an amount not less than Two Million Dollars ($2,000,000.00);

(c) That judgment be entered against Defendant, Fox News Network, L.L.C., for punitive damages in an amount not less than Ten Million Dollars ($10,000,000.00) to punish and penalize said Defendant and deter said Defendant from repeating its unlawful conduct; and

(d) That all costs of this action be assessed against Defendant.

**L. LIN WOOD, P.C.**

L. Lin Wood
Georgia Bar No. 774388

The Equitable Building
Suite 2140
100 Peachtree Street
Atlanta, Georgia 30303
(404) 522-1713

Katherine M. Ventulett
Ga. State Bar No. 727027

Attorneys for Plaintiffs

# EXHIBIT A

# TO

# FIRST AMENDED COMPLAINT FOR DEFAMATION

*John Ramsey, et al.*
*vs.*
*Fox News Network, L.L.C., d/b/a Fox News Channel*

| SLUG | WR | | REPORTER | NOTES | TIME |
|------|----|-|----------|-------|------|
| RAMSEY 6YEAR #1 | mckinley | 12/23/02 16:37: | MCKINLEY | PKG #1 | 2:33 |

(ON CAM)

AFTER ALL THIS TIME, THE ONLY ACTION SEEN IN THE UNSOLVED CASE HAS BEEN IN CIVIL COURT. MILLIONS OF DOLLARS HAVE CHANGED HANDS...MUCH OF IT HAS COME FROM
PEOPLE WHO CALLED JONBENET'S OLDER BROTHER BURKE, WHO'S BEEN CLEARED, A SUSPECT...

SUGGESTED INTRO·
THE MYSTERY OF WHO KILLED JONBENET RAMSEY HAS BEEN UNSOLVED FOR AS LONG AS HER SHORT LIFE. SHE WAS SIX AND A HALF YEARS OLD WHEN SHE WAS MURDERED DECEMBER 26TH, 1996. FOX'S CAROL MCKINLEY REPORTS.

THE RAMSEYS HAVE SUCCESSFULLY SUED TABLOID AND MAINSTREAM MEDIA FOR DEFAMATION. FORMER EMPLOYEES HAVE SUED THE RAMSEYS FOR THE SAME REASON. BUT STILL NO ONE STANDS RESPONSIBLE FOR THE SIX YEAR OLD MURDER OF THE LITTLE BEAUTY PRINCESS.

CHYRON:
:16-:20
Dr. Henry Lee
Forensic crime scene expert

Tape Lee
1502
we need some good evidence. physical evidence. which this case has very few pieces of evidence.

CHYRON:
:25-:30
Carol McKinley
Fox News

stand up
the crime scene was contaminated from the start. people were allowed to move evidence and walk about the house....but is soon became clear who the authorities suspected.

CHYRON.
:35-:40
Steve Thomas/ former Boulder police detective
from Deposition in defamation lawsuit

depo tape
steve thomas
1:17:23
the district attorney and his top prosecutor, two police chiefs and a large number of cops although

9/21/01

so at odds that they almost came to blows all
agreed on one thing: thta probably cause existed
to arrest patsy ramsey in connection with the death
of her daughter

DETECTIVES SAY THEY HAD GOOD REASON
TO SUSPECT THE RAMSEYS. THE COUPLE
AND JONBENET'S  NINE YEAR OLD
BROTHER, BURKE, WERE THE ONLY KNOWN
PEOPLE IN THE HOUSE THE NIGHT SHE
WAS KILLED.
JONBENET HAD BEEN STRANGLED,
BLUDGEONED AND SEXUALLY
ASSAULTED, MOST LIKELY FROM ONE OF
HER MOTHER'S PAINTBRUSHES. THE
LONGEST RANSOM NOTE MOST EXPERTS
HAVE EVER SEEN...THREE PAGES...WAS
LEFT BEHIND..
WHOMEVER KILLED HER SPENT A LONG
TIME IN THE FAMILY HOME, YET THERE
HAS NEVER BEEN ANY EVIDENCE TO LINK
AN INTRUDER TO HER BRUTAL MURDER.

CHYRON:                             Atlanta interview
1:19-1:23                           T-1
John Ramsey                         John Ramsey
Atlanta interview/ April 2000       12500
                                    i mean the fact that we were the prime suspects on
                                    december 26th. we had that ranking.

BUT THAT MAY CHANGE. IN A RECENT
MAJOR DEVELOPMENT, THE BOULDER
POLICE DEPARTMENT, LONG SUSPICIOUS
OF THE RAMSEYS, HAS TURNED THE CASE
OVER TO DISTRICT ATTORNEY MARY
KEENAN, TO BRING "FRESH EYES" TO THE
INVESTIGATION.

CHYRON:                             T-wood
1:39-1:44                           43:40

McKinley, Carol 12/27/02 17:59:36                    [FOX]BUREAU.DENVER.SCRIPTS 3

Lin Wood
Ramsey Attorney

this is a new day in this investigation. the days of
the ramseys being the focus of the
investigation. those days are over.

CRITICS SAY KEENAN TOOK OVER THE
DORMANT CASE TO AVOID A LAWSUIT BY
RAMSEY ATTORNEY LIN WOOD.
BUT IN A LETTER SHE WROTE TO WOOD,
SHE SAYS.

(GRAPHIC)

"please understand that this decision is being
made for one reason only the fact that a violent
child murderer is at large."

LIN
5809
this is about a legitimate desire on her part to find
a violent child killer.
not to avoid a lawsuit. not to engage in a bunch of
rhetoric.

KEENAN PROMISES TO INVESTIGATE NEW
LEADS AND POTENTIAL SUSPECTS IN THE
CASE. WHETHER FRESH EYES BRINGS
FRESH ANSWERS REMAINS TO BE SEEN.

IN BOULDER, COLORADO CAROL MCKINLEY
FOX NEWS.

T.R.T.
2:23

# EXHIBIT B

# TO

# FIRST AMENDED COMPLAINT FOR DEFAMATION

*John Ramsey, et al.*
*vs.*
*Fox News Network, L.L.C., d/b/a Fox News Channel*

## AFFIDAVIT OF ALEXANDER M. HUNTER

STATE OF COLORADO,

COUNTY OF BOULDER

Personally appeared before the undersigned officer duly authorized by law to administer

oaths, ALEXANDER M. HUNTER, who being first duly sworn, deposes and says as follows:

1.

My name is Alexander M. Hunter. I am over twenty-one (21) years of age and I am

competent to make and give this Affidavit, and do so from personal knowledge.

2.

I am an attorney duly licensed in the State of Colorado. Since January 9, 1973, I have

been the elected District Attorney for the Twentieth Judicial District, County of Boulder, State of

Colorado.

3.

On or about December 26, 1996, JonBenet Ramsey, a six (6) year old minor child, was

murdered in her home in Boulder, Colorado.

4.

Since the date of her death, I have been continuously involved in the investigation of

JonBenet Ramsey's homicide.

5.

As part of the investigation into the murder of JonBenet Ramsey, questions about any

possible involvement by her brother, Burke Ramsey, who was nine (9) years of age at the time of

his sister's murder and who was one of the individuals present in the house at the time of her

murder, were raised and investigated as part of standard investigative practices and procedures.

6.

From December 26, 1996, to the date of this affidavit, no evidence has ever been developed in the investigation to justify elevating Burke Ramsey's status from that of witness to suspect.

7.

In May of 1999, I was made aware that tabloid newspapers had indicated that Burke Ramsey was a suspect in the murder of JonBenet Ramsey or was believed to be her killer. As a result of these articles, I was contacted by media representatives and I instructed my office to release a press statement which publicly and officially stated that Burke Ramsey was not a suspect in connection with the murder of his sister and that stated in part, "...almost a year ago (Boulder) Police Chief Mark Beckner stated during a news conference that Burke (Ramsey) was not a suspect and that we are not looking at him as a possible suspect. To this day Burke Ramsey is not a suspect." The information in the May 1999 press statement was true and correct.

8.

From December 26, 1996, to the present date, I have never engaged in plea bargain negotiations, talks or discussions with anyone in connection with the investigation into the murder of JonBenet Ramsey based in whole or in part on the premise that Burke Ramsey killed his sister. From December 26, 1996 to the present date, no member of my office has ever engaged in plea bargain negotiations, talks or discussions with anyone in connection with the investigation into the murder of JonBenet Ramsey based in whole or in part on the premise that Burke Ramsey killed his sister.

9.

I am aware that this Affidavit may be used by counsel for Burke Ramsey in connection with libel litigation brought on his behalf in various jurisdictions.

FURTHER AFFIANT SAYETH NOT.

This 12th Day of October, 2000.

ALEXANDER M. HUNTER

Sworn to and subscribed before me
this 12th day of October, 2000.

Notary Public
My commission expires 10/3/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JOHN RAMSEY, PATSY RAMSEY and )
BURKE RAMSEY, a minor, by his )
next friends and natural parents, )
JOHN RAMSEY and PATSY RAMSEY, )
                                )
    Plaintiffs,                 )     CIVIL ACTION FILE
                                )
vs.                             )     NO. 1 03 CV-3976
                                )
FOX NEWS NETWORK, L.L.C., d/b/a )
Fox News Channel,               )
                                )
    Defendant.                  )
                                )

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the within and foregoing **FIRST AMENDED COMPLAINT FOR DEFAMATION** upon Defendant by depositing same in the United States Mail, postage prepaid and addressed to the following counsel for Defendant:

Mr. Judson Graves         Ms. Dori Ann Hanswirth
**Alston & Bird, LLP**      Mr. Jason P. Conti
One Atlantic Center      Ms. Trina R. Hunn
1201 W. Peachtree Street   **Hogan & Hartson, L.L.P.**
Atlanta, GA 30309-3424    875 Third Avenue
                          New York, NY 10022

    This 17th day of February, 2004.

                              _____
                              L. Lin Wood
                              Attorney for Plaintiffs