ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 29 2004

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN RAMSEY, PATSY RAMSEY, and )
BURKE RAMSEY, a minor, by his )
next friends and natural parents,)
JOHN RAMSEY and PATSY RAMSEY, )
                                       )
    Plaintiffs,                )    CIVIL ACTION FILE
                                       )
vs.                                     )    NO. 1 03 CV-3976 (TWT)
                                       )
FOX NEWS NETWORK, L.L.C., d/b/a )
Fox News Channel               )
                                       )
    Defendant.                 )

## DECLARATION OF L. LIN WOOD

STATE OF GEORGIA,

COUNTY OF FULTON.

    L. LIN WOOD, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1.

    I am duly admitted to practice law in the State of Georgia. My State Bar number is 774588.

2.

    I represent plaintiffs in this matter.



3.

I am competent to make and give this Declaration, and do so from personal knowledge. I submit this Declaration in support of Plaintiffs' Response to Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

4.

In 1991, after having resided in the Atlanta, Georgia area for over ten (10) years, John and Patsy Ramsey moved to Boulder, Colorado. In July of 1997, plaintiffs moved back to Atlanta and resided in the Northern District of Georgia continuously thereafter until September of 2003.

5.

At this time, John and Patsy Ramsey still own a home in Georgia. John Ramsey's brother and sister-in-law reside in the Atlanta metro area. Patsy Ramsey's father, stepmother and two sisters also live in the Atlanta area. From their many years of residence in Georgia, plaintiffs have many friends in Georgia, many of whom are familiar with the damages suffered by plaintiffs.

6.

At the trial of this case, I reasonably expect to call various non-party witnesses from the State of Georgia who will testify concerning Burke Ramsey's status in the JonBenét Ramsey murder investigation, the evidence linking an intruder to the murder of JonBenét, and the harm that defendant's accusations caused to plaintiffs' reputations in the State of Georgia. These witnesses and the general subject matter of their testimony, may include, but are not limited to, the following:

(a) Steven Jaffe, M.D., Atlanta, Georgia – psychiatrist who has evaluated Burke Ramsey;

(b) Jeff and Peggy Ramsey, Woodstock, Georgia – John Ramsey's brother and sister-in-law and Burke Ramsey's aunt and uncle; the investigation; plaintiffs' relationship with JonBenét and damage issues.

(c) Don Paugh, Roswell, Georgia – Patsy Ramsey's father; Plaintiffs' relationship with JonBenét and damage issues.

(d) Sharon King, Lovett School, Atlanta, Georgia – lower school official; damage issues;

    (e)    Reverend Gregory Wiggins, Lovett School, Atlanta, Georgia - damage issues;

    (f)    Clara Traver, Lovett School, Atlanta, Georgia - middle school assisting principal; damage issues;

    (g)    Tucker Yates, Church of The Apostles, Atlanta, Georgia - Youth minister; damage issues;

    (h)    Susan and Glen Stine and their son, Doug, Atlanta, Georgia - the investigation; plaintiffs' relationship with JonBenét and damage issues;

    (i)    Donna Haterick and her sons, Zach and Brian, Atlanta, Georgia - damage issues;

    (j)    Arnie and Regina Orlick and their son, Josh, Atlanta, Georgia - damage issues;

    (k)    Carol Simpson, Atlanta, Georgia - plaintiffs' relationship with JonBenét and damage issues;

    (l)    Marsha Shurley, Dunwoody, Georgia - plaintiffs' relationship with JonBenét and damage issues;

    (m)    Rod Westmoreland, Atlanta, Georgia - plaintiffs' relationship with JonBenét and damage issues; and

    (n)    Suzanne Gobel, Woodstock, Georgia - damage issues.

7.

Based on my personal experience and knowledge of the inconvenience and expense of litigating in the District of Colorado, the transfer of this case to that Court would be extremely inconvenient and burdensome for plaintiffs, would cause them to incur considerably more expense than litigating in Atlanta, including the additional expense of retaining local counsel in Colorado and for lodging and meals during the time periods of hearings and the trial of this case.

8.

Many of the documents that will be responsive to Fox's anticipated discovery requests are maintained in Atlanta at my law offices as the result of my handling a number of legal matters and lawsuits for plaintiffs over the past five (5) years related to the murder of JonBenét and the investigation of her murder.

9.

Investigative work on the JonBenét Ramsey case was conducted by Colorado officials in the State of Georgia working at times with Georgia law enforcement officials, including but not limited to, members of the Georgia Bureau of Investigation.

10.

Defendant maintains and operates a state-of-the art news bureau and offices in Atlanta. I have participated in live and taped national interviews at that facility on numerous occasions to discuss various aspects of the JonBenét Ramsey case as well as other topics.

11.

I am aware of at least two (2) occasions when defendant's reporter Carol McKinley traveled to Atlanta to investigate and report on the JonBenét Ramsey case, including trips to meet with John and Patsy Ramsey and to conduct an extensive interview with them.

12.

I have visited the former Ramsey home in Boulder, Colorado in which JonBenét was murdered. Since the time of my initial visit to the home in 1999, the interior of the residence has undergone significant changes. The basement room where JonBenét's body was discovered has been permanently sealed. The residence has also had extensive landscaping changes to the yard. Photographs and video of the interior and exterior of the

home in its previous condition, including its condition shortly after JonBenét's murder, do exist.

                                                                               L. LIN WOOD

Executed on March 29, 2004
Atlanta, Georgia

## **CERTIFICATION OF COUNSEL**

Pursuant to N.D. Ga. Local Rule 7.1 D, I hereby certify that this document is submitted in Courier New 12 point type as required by N.D. Ga. Local Rule 5.1(b).

_____
L. LIN WOOD

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN BENNETT RAMSEY and PATRICIA PAUGH RAMSEY, )<br>)<br>)<br>Plaintiffs,       )<br>)<br>vs.              )<br>)<br>FOX NEWS NETWORK, L.L.C., )<br>)<br>Defendant.       )<br>) | CIVIL ACTION FILE<br><br>NO. 1 03 CV-3976 (TWT) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing Declaration of L. Lin Wood upon Defendant's counsel and depositing same in the United States Mail, postage prepaid and addressed to:

> Mr. Judson Graves
> Alston & Bird, LLP
> One Atlantic Center
> 1201 W. Peachtree Street
> Atlanta, Georgia 30309-3424
>
> Mr. Slade R. Metcalf
> Ms. Dori Ann Hanswirth
> Mr. Jason P. Conti
> Ms. Trina R. Hunn
> Hogan & Hartson, L.L.P.
> 875 Third Avenue
> New York, NY 10022

This __29th__ day of March, 2004.

                                    **L. LIN WOOD, P.C.**

                                    /s/ L. Lin Wood

                                    L. Lin Wood

Suite 2140                         Ga. State Bar No. 774588  
The Equitable Building  
100 Peachtree Street, NW  
Atlanta, Georgia 30303  
404/522-1713  
404/522-1716 Fax                 Attorneys for Plaintiffs

- 2 -