ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 23 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

-----------------------------------------------x

JOHN RAMSEY, PATSY RAMSEY and  :
BURKE RAMSEY, a minor, by his
next friends and natural parents,  :
JOHN RAMSEY and PATSY RAMSEY,
                               :    CASE NO.: 1 03 CV-3976 (TWT)
        Plaintiffs,
                               :
vs.
                               :
FOX NEWS NETWORK, L.L.C., d/b/a
Fox News Channel,              :

        Defendant.             :
-----------------------------------------------x


**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF DEFENDANT'S MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ....................................................................................................... 3

DEFENDANTS HAVE DEMONSTRATED THAT THIS ACTION
SHOULD BE TRANSFERRED TO THE DISTRICT OF COLORADO .............. 3

   A. The Convenience Of Non-Party Witnesses Strongly Supports
      Transfer ..................................................................................................... 3

   B. The Convenience Of The Parties Supports Transfer To
      Colorado .................................................................................................... 6

   C. It Is In The Interest Of Justice To Transfer This Case To
      Colorado .................................................................................................. 10

      1.    Several Interest Of Justice Factors Support Transfer ......................... 10

      2.    Colorado Has An Equally Strong Interest In This Case ..................... 12

      3.    The Applicable Law Is A Neutral Factor In This Case ..................... 13

      4.    Plaintiffs' Allegation Of Jury Prejudice In Colorado Is
          Baseless ............................................................................................ 13

CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

## Cases

Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.,
  135 F.3d 750 (11th Cir. 1998)......................................................................... 13

Calder v. Jones,
  465 U.S. 783 (1984) ........................................................................................ 11

Comaford v. Wired USA, Ltd.,
  No. 94 C 2615, 1995 WL 324564 (N.D. Ill. May 26, 1995) ............................. 8

Davis v. Costa-Gavras,
  580 F. Supp. 1082 (S.D.N.Y. 1984)................................................................... 5

Dove v. Massachusetts Mut. Life Ins. Co.,
  509 F. Supp. 248 (S.D. Ga. 1981)..................................................................... 7

Fodor v. Berglas,
  23 Med. L. Rptr. 1498, 1994 WL 822477
  (C.D. Cal. Dec. 27, 1994)............................................................................ 8, 13

Haworth, Inc. v. Herman Miller, Inc.,
  821 F. Supp. 1476 (N.D. Ga. 1992) ................................................................ 14

Keeton v. Hustler,
  465 U.S. 770 (1984) .................................................................................... 6, 11

Matt v. Baxter Healthcare Corp.,
  74 F. Supp. 2d 467 (E.D. Pa. 1999) .................................................................. 4

McBee v. Howe,
  Civ. No. 88-3640 (CSF), 1989 WL 28680
  (D.N.J. Mar. 20, 1989) ..................................................................................... 4

McCandliss v. Cox Enters., Inc.,
  ___ S.E.2d ___, No. A04A0361, 2004 WL 35763
  (Ga. App. Jan. 8, 2004) ..................................................................................... 6

\\NY - 96405/0035 - 826284 v1

McClain v. Camouflage Assocs.,
    No. Civ. A. 93-0994, 1994 WL 570874
    (E.D. Pa. Oct. 18, 1994) ......................................................................... 9

Robinson v. Town of Madison,
    752 F. Supp. 842 (N.D. Ill. 1990) ........................................................... 8

Rucker v. Lucky Stores, Inc.,
    No. 87 C 9931, 1988 WL 102247
    (N.D. Ill. Sept. 29, 1988) ........................................................................ 5

Santa's Best Craft, LLC v. Janning,
    No. 02 C 9529, 2003 WL 21504522
    (N.D. Ill. June 30, 2003) ...................................................................... 8, 9

Southeastern Equip. Co., Inc. v. Union Camp Corp.,
    498 F. Supp. 164 (S.D. Ga. 1980) ....................................................... 4, 5

State Street Capital Corp. v. Dente,
    855 F. Supp. 192 (S.D. Tex. 1994) ........................................................ 10

Sterling Novelty, Inc. v. Smith,
    700 F. Supp. 408 (N.D. Ill. 1988) ........................................................... 8

U.S. v. Graham,
    No. Crim. 03-CR-89-04-RB, 2003 WL 23198794
    (D. Colo. Dec. 2, 2003) ......................................................................... 15

Westmoreland v. CBS, Inc.,
    8 Med. L. Rptr. 2493, 1982 U.S. Dist. LEXIS 18364
    (D.S.C. Nov. 18, 1982) ........................................................... 6, 8, 11, 13

## Statutes

28 U.S.C. § 1404 ......................................................................................... 1

WNY - 96405/0035 - 826284 v1

## PRELIMINARY STATEMENT

Fox News Network, LLC (the "Fox News Channel" or "Defendant"), respectfully submits this reply memorandum of law in further support of its motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the District of Colorado.[1]

Plaintiffs seem to think that because they still have friends in their former domicile of Georgia who "may" testify as character or damage witnesses, that this Court should ignore the obvious impediments to Defendant's ability to have crucial non-party witnesses travel from Colorado to Georgia. This limited perspective on the relative hardships of the parties and their witnesses should not be accepted by this Court. If this case is not transferred, Fox News Channel will be deprived of the ability to present live testimony of the most critical non-party witnesses to this case—the Colorado law enforcement officers who investigated JonBenét's death.

Realistically, no party and no non-party (except for the Plaintiffs' Atlanta friends and Plaintiffs' counsel L. Lin Wood) will find it convenient to have this

---

[1]    The facts necessary for this motion are set forth in the Declarations of Carol McKinley, sworn to the 13th day of February, 2004 (the "McKinley Decl."), Denis King, sworn to the 13th day of February, 2004 (the "King Decl."), and Dori Ann Hanswirth, sworn to the 18th day of February, 2004 (the "Hanswirth Decl.") and accompanying exhibits, filed with Defendant's Opening Memorandum ("Opening Memo"), and the Reply Declaration of Jason P. Conti, sworn to the 22nd day of April, 2004 (the "Conti Decl."), and the exhibits annexed to that declaration.

case tried in this Court. The Plaintiffs are domiciled in Michigan; the Fox News Channel's employees who will testify reside in Colorado, and most significantly, almost all of the liability witnesses reside in Colorado, and none reside in Georgia. Those non-party liability witnesses (specifically detailed in Carol McKinley's declaration submitted in support of this motion) are present and former Boulder police officers, Boulder County District Attorney's Office employees, Colorado Bureau of Investigation employees, and Colorado private investigators. There is no conceivable way that the Fox News Channel can convince these non-party witnesses to leave their homes and jobs to travel thousands of miles to testify in a civil suit on behalf of a news organization to which they have no connection.

Make no mistake about it. This libel suit, at its center, is about the true circumstances surrounding the homicide of a little girl in Colorado. To try this case properly, the parties will need, essentially, to redo the police investigation and to present evidence concerning whether an intruder has been linked to this crime. A trial of this case will require the testimony of at least 19 witnesses from Colorado. It is extremely prejudicial, under the circumstances of the current residences of the parties in this case, to require Fox News Channel to videotape depositions of each of these witnesses and then show these tapes to a jury in Georgia. As this reply memorandum will show, courts have stressed that the

2

convenience of non-party liability witnesses is of greater significance than the convenience of the parties or of damage witnesses. Consideration of all of the relevant factors leads to only one conclusion: the District of Colorado is the most convenient forum here and transfer to that jurisdiction is in the interest of justice.

## ARGUMENT

## DEFENDANTS HAVE DEMONSTRATED THAT THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF COLORADO

### A.    The Convenience Of Non-Party Witnesses Strongly Supports Transfer

As Plaintiffs admit, the convenience of non-party witnesses is the most important factor in a transfer of venue analysis. Plaintiffs' Response to Defendant's Motion to Transfer ("Pl. Memo") at 12. Fox News Channel has offered a list of 24 witnesses (including Plaintiffs) with key information, 19 of whom reside in Colorado and none of whom live in Georgia. McKinley Decl. ¶ 14. The list, far from being duplicative or vague, details each individual's relevance based on his or her specific knowledge. Id. In contrast, Plaintiffs submitted a list of 21 witnesses that Plaintiffs' counsel merely "reasonably expect[s] to call." On the list, 20 of the 21 witnesses have knowledge about damages, and 11 are listed

3

exclusively for that purpose.[2]  Declaration of L. Lin Wood ("Wood Decl."), ¶ 6.

Plaintiffs' attempt to counter Fox News Channel's comprehensive list of material liability witnesses with a bloated list of alleged damage witnesses is unpersuasive.  In a transfer of venue analysis, the convenience of witnesses testifying as to liability is more important than that of witnesses testifying regarding damages.  See, e.g., Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) (transferring case and noting that "the convenience of [damage] witnesses is accorded less weight than is that of liability witnesses"); McBee v. Howe, No. Civ. 88-3640 (CSF), 1989 WL 28680, at *4, n.5 (D.N.J. Mar. 20, 1989) (transferring case and explaining that "the court is mindful that liability witnesses are considered more crucial to a trial, and their convenience is given more weight than that of damage witnesses").  This is so in part because "without

---

2      While Plaintiffs claim that the Fox News Channel has failed to introduce declarations or evidence from non-party witnesses, such evidence is not required. Southeastern Equip. Co., Inc. v. Union Camp Corp., 498 F. Supp. 164, 166 (S.D. Ga. 1980) ("the party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover"; defendant complied by submitting one affidavit).  Thus, the McKinley Decl. satisfies these requirements.  It is also clear Plaintiffs have not satisfied these requirements.  Plaintiffs' attorney, rather than his clients, submitted a declaration listing 21 witnesses, 15 of whom allegedly have knowledge about "damage issues" and/or Plaintiffs' "relationship with JonBenét."  Five of the remaining six include those vague descriptions and the words "the investigation"; and the proposed testimony of the final witness, Burke Ramsey's psychiatrist, is unclear.  Wood Decl. ¶ 6.  As such, Plaintiffs' list fails to provide the required "general statement."

4

liability, there are no damages to recover." Rucker v. Lucky Stores, Inc., No. 87 C
9931, 1988 WL 102247, at *2, 3 (N.D. Ill. Sept. 29, 1988) (citations omitted). It is
undisputed that the merits of the claim here–including the truth of the News Report
and the conduct of those responsible for its production–will be determined by
testimony from individuals almost all of whom live in Colorado, and none of
whom live in Georgia. McKinley Decl. ¶ 14; Wood Decl. ¶ 6. As such, Fox News
Channel's list of liability witnesses should be given substantially more weight than
Plaintiffs' string of damage witnesses.

In addition, the friends and family that serve as Plaintiffs' damage witnesses
should be more amenable to travel than the 19 Colorado residents identified by the
Fox News Channel, comprised primarily of current and former law enforcement
personnel, who have no incentive to travel voluntarily to appear at a civil trial.[3]
See McKinley Decl. ¶ 14. Moreover, Defendants intend to use witnesses from
across the country, including Colorado, to assess any alleged damage to Plaintiffs.[4]

---

[3]    Plaintiffs' observation that law enforcement personnel once traveled to
Georgia to investigate this case is of no consequence. Pl. Memo at 6, n.1. There is
no indication that these individuals would voluntarily return for a civil libel case,
and in fact, the Court can assume they would not do so. See Southeastern Equip.,
498 F. Supp. at 166 (listing several law enforcement personnel as material
witnesses and concluding that "the prospect of their live testimony is unlikely").

[4]    Any damage from the News Report will be assessed nationally. See Davis v.
Costa-Gavras, 580 F. Supp. 1082, 1090 (S.D.N.Y. 1984) (defamation plaintiffs

Finally, Plaintiffs incorrectly contend that the Fox News Channel has presented a "laundry list" of witnesses offering "cumulative" and "irrelevant" testimony. Far from being a laundry list, Fox News Channel offered a targeted list of only those individuals material to this action. In fact, given the breadth of the JonBenét investigation, Fox News Channel could have assembled a phonebook-sized list of Coloradoans who have influenced this matter, but instead included only individuals it deemed truly essential. In contrast, *Plaintiffs presented numerous individuals—offering redundant and limited testimony—in an obvious attempt to inflate their list of necessary Georgia witnesses.* See Westmoreland v. CBS, Inc., 8 Med. L. Rptr. 2493, 2495, 1982 U.S. Dist. LEXIS 18364, at *6-7 (D.S.C. Nov. 18, 1982) (suggesting that 15 character witnesses in libel case was excessive and noting "As a general rule, this Court would only permit no more than 3 persons to testify as 'character witnesses'").

**B.    The Convenience Of The Parties Supports Transfer To Colorado**

Plaintiffs have clouded the issues and attempted to mislead this Court by

---

"seek recovery for damage to their national and indeed international reputations, and their 'claim' of $150 million is hardly limited to that part of the injury to their reputations occurring in the Eastern District of Virginia"). The single publication rule, which applies in Georgia, allows plaintiffs to file one suit for all damages from a publication. See Keeton v. Hustler Magazine, 465 U.S. 770, 773 (1984); McCandliss v. Cox Enters., Inc., ___ S.E.2d ___, No. A04A0361, 2004 WL 35763, at *1 (Ga. App. Jan. 8, 2004).

6

citing facts about Fox News Channel's business presence and newsgathering activities in Georgia. Pl. Memo. at 5-6, 11. Plaintiffs know that these facts go to personal jurisdiction and proper venue, and have <u>nothing</u> to do with whether a case should be transferred. Fox News Channel is <u>not</u> trying to "avoid being haled into court in Georgia" as Plaintiffs allege, but rather is attempting to have this matter adjudicated in the most convenient forum.

Plaintiffs ask for "added weight" to be given to their choice of venue because Plaintiffs lived in Georgia at the time of the publication, and because they have other attenuated connections to the state. Pl. Memo. at 5, 10-11. Despite these "connections," Plaintiffs admit they live in Michigan year-round. In fact, John Ramsey is reportedly about to make the ultimate citizen contribution in that state: running for political office. Conti Decl., Exhibit A. Clearly, Plaintiffs have abandoned Georgia and have chosen to make their home in Michigan.

Because of Plaintiffs' relocation to Michigan, any deference afforded to their choice of forum is greatly reduced. <u>Dove v. Massachusetts Mut. Life Ins. Co.</u>, 509 F. Supp. 248, 251 (S.D. Ga. 1981) (noting that plaintiff, once a Georgia resident, <u>moved</u> to Tennessee, and holding that because the counterclaim defendant lived in the suggested transferee forum, "This standard would therefore mandate transfer"). In addition, as stated in the Opening Memo, transferring a case from a plaintiff's

7

chosen forum is not uncommon in defamation cases.[5]

Plaintiffs next claim that because the action "arose" in Georgia, it is more convenient for the parties to litigate the matter there. Pl. Memo at 6. Plaintiffs ignore the basic tenets of libel law by making the clearly erroneous assertion that the researching, writing and preparing of the News Report are not "key events" in assessing when the defamation arose. Id. at 7. To the contrary, Plaintiffs are required to show the requisite actual malice or negligence in order to prevail, and this showing necessarily requires an investigation into the researching, writing and preparing of the News Report.[6] The location of these activities—in this case, Colorado—is most certainly relevant to a transfer of venue motion in a defamation

---

[5]     Plaintiffs attempt to distinguish these cases by claiming that in "most cases" cited by Fox News Channel, the plaintiff never resided in the chosen forum or no operative facts took place there. However, Plaintiffs' qualifier—"most cases"—is telling: Plaintiffs fail to mention six cases with defamation claims cited by Fox News Channel in its Opening Brief where the plaintiff brought suit in its home state, and the court still transferred the action to a more convenient venue. Pl. Memo. at 9-10. See Santa's Best Craft, LLC v. Janning, No. 02 C 9529, 2003 WL 21504522 (N.D. Ill. June 30, 2003); Comaford v. Wired USA, Ltd., No. 94 C 2615, 1995 WL 324564 (N.D. Ill. May 26, 1995); Fodor v. Berglas, 23 Med. L. Rptr. 1498, 1994 WL 822477 (C.D. Cal. Dec. 27, 1994); Robinson v. Town of Madison, 752 F. Supp. 842 (N.D. Ill. 1990); Sterling Novelty, Inc. v. Smith, 700 F. Supp. 408 (N.D. Ill. 1988); Westmoreland v. CBS, Inc., 8 Med. L. Rptr. 2493 (D.S.C. 1982).

[6]     In fact, Plaintiffs concede this point in their opposition when they claim that "pure issues of negligence and actual malice will be determined almost exclusively by reliance on Fox party witnesses ... as well as inquiry about the details of the Fox investigation and reporting." Pl. Memo at 17 (emphasis added).

8

action. See, e.g., Santa's Best Craft, LLC v. Janning, No. 02 C 9529, 2003 WL 21504522, at *3-5 (N.D. Ill. June 30, 2003) (transferring action in part because "the allegedly defamatory letters were written" in Ohio); McClain v. Camouflage Assocs., No. Civ. A. 93-0994, 1994 WL 570874, at *2-3 (E.D. Pa. Oct. 18, 1994) (transferring case and noting that "[t]he article which forms the basis for the plaintiff's claim was written, researched, edited, and published in New York").[7]

Finally, Plaintiffs flippantly disregard the hardship a trial in Georgia would inflict on Fox News Channel's Denver Bureau. Plaintiffs boldly claim (without support) that Fox News Channel is a "mammoth news organization," and then concede that it depends on reporters traveling on short notice. Pl. Memo at 11. This is exactly the point—the Denver Bureau must be able to cover news instantly, an impossible task if over half its "mammoth" eight-person Denver Bureau is in Georgia. King Decl. ¶¶ 14-18. While Plaintiffs will have to travel a significant distance to either venue, a trial in Colorado would eliminate travel for Fox News Channel employees, and preserve the Denver Bureau's newsgathering capabilities.

---

[7]    Plaintiffs also assert that "unlike Fox employees," Plaintiffs will need to be present in Georgia for the entire trial. Pl. Memo at 13. There is no basis for Plaintiffs to assume that Fox News Channel employees will not also attend the entire trial. Also, even if John and Patsy Ramsey attend the entire trial, Plaintiffs have put forth no evidence that either one is working, thus minimizing any disruption caused to them by a trial in Colorado.

**C.** **It Is In The Interest Of Justice To Transfer This Case To Colorado**

    **1.** **Several Interest Of Justice Factors Support Transfer**

Plaintiffs have ignored, mischaracterized or casually dismissed several factors of paramount importance to an interest of justice analysis.

First, Plaintiffs try to discount the significance of the pertinent documents located in Colorado. As noted in the Opening Memo, thousands of documents relevant to the JonBenét investigation and the News Report, including the original ransom note, autopsy and crime scene photographs, and the entire investigative files, are located in Colorado. Opening Memo at 20, n.7; King Decl. ¶13; McKinley Decl. ¶ 10. Citing State Street Capital Corp. v. Dente, 855 F. Supp. 192 (S.D. Tex. 1994), Plaintiffs claim that Fox News Channel did not properly identify each specific document. Pl. Memo at 14. However, Plaintiffs have blatantly mischaracterized State Street Capital: That case involved a movant who "presented no evidence with respect to the location of any documents," not a movant who failed to itemize each document. 855 F. Supp. at 198 (emphasis added).

Next, Plaintiffs fail to address the lack of compulsory process over the numerous Colorado witnesses should this case remain in Georgia. Plaintiffs admit that "both parties will need to rely on some non-party witnesses from Colorado…" on the issue of falsity, but do not allege any such witnesses live in Georgia. Pl.

W\NY - 96405/0035 - 826284 v1

Memo at 17. Thus even Plaintiffs acknowledge that key liability witnesses live in Colorado, which weighs heavily in favor of transfer in order to ensure that these witnesses are subject to the Colorado court's compulsory process.

Additionally, because this is the first motion filed, this jurisdiction has invested little in this case; therefore, transfer will not unduly prejudice Plaintiffs.

Furthermore, the possibility for a jury view weighs in favor of transfer. Pl. Memo at 18, n.3. Plaintiffs' counsel has once again factually inserted himself into this case by declaring that he has visited Plaintiffs' former home and that it has undergone "significant changes." Wood Decl. ¶ 12. Even if some changes were made, Plaintiffs do not allege that the general layout or points of ingress and egress of the home have changed, and therefore a jury view could be beneficial.

Finally, Plaintiffs have completely mischaracterized the First Amendment implications in this matter. Plaintiffs incorrectly cite Calder v. Jones, 465 U.S. 783 (1984) and Keeton v. Hustler, 465 U.S. 770 (1984) for the proposition that First Amendment considerations are improper in a transfer of venue analysis. Pl. Memo. at 19-20. Even the most cursory reading of those cases reveals that they refer to personal jurisdiction, not transfer of venue. Westmoreland, 8 Med. L. Rptr. at 2496 ("While the determination of jurisdiction should not be governed by different standards in defamation cases because of the First Amendment, the selection of

11

venue may properly implicate this constitutional consideration"). In this case, the Denver Bureau Chief has stated in unequivocal terms that a trial in Georgia will impose a burden on that Bureau's newsgathering capabilities. King Decl. ¶¶ 15-18. As such, First Amendment implications heavily favor transferring this action.

### 2.    Colorado Has An Equally Strong Interest In This Case

Plaintiffs' statement that the case results from the News Report "about Georgia residents, not from a Colorado murder or its investigation" is just wrong. Pl. Memo at 6 (emphasis added). To the contrary, if this case proceeds to trial, the truth of the News Report regarding the "Colorado murder investigation" will be determinative of a major portion of Plaintiffs' claim. The News Report was researched, prepared, and produced in Colorado, and a large number of the key liability witnesses reside in Colorado. King Decl. ¶¶ 7-13; McKinley Decl. ¶¶ 8-15. As such, this case is more about Colorado than it is about Georgia.

Further, Plaintiffs repeatedly claim that the Fox News Channel "broadcast and published the Ramsey segment in Georgia" and therefore Georgia has an interest in adjudicating this case. Pl. Memo at 8. Fox News Channel is a national cable news network that telecasts its programming all over the country through a single feed emanating from New York. The News Report was no more aimed at Georgia than any other state, including Colorado.

12

### 3.    The Applicable Law Is A Neutral Factor In This Case

Plaintiffs assert that Georgia law should apply in this case, which weighs in favor of transfer. Pl. Memo. at 21. However, even assuming Georgia law applies[8], the relevant issues of libel law in this case are straightforward creatures of federal constitutional law. Westmoreland, 8 Med. L. Rptr. at 2495. And to the extent state law will be applied, a federal judge will already be required to interpret state law. Federal judges in Colorado are equally capable in applying federal law or applying the basic tenets of the applicable state law. See Fodor v. Berglas, 23 Med. L. Rptr. 1498, 1502-03, 1994 WL 822477, at *6 (C.D. Cal. Dec. 27, 1994) ("transferor and transferee courts are equally familiar" with applicable constitutional law in libel case). As such, the applicable law should not impact a transfer of this action.

### 4.    Plaintiffs' Allegation Of Jury Prejudice In Colorado Is Baseless

Faced with overwhelming evidence supporting transfer, Plaintiffs resort to a baseless suggestion that they cannot get a fair trial in Colorado. Pl. Memo. at 22-24. However, Plaintiffs' assertion, based purely on conjecture, should be rejected.

For pretrial publicity to be a factor, it must so saturate a community as to

---

8    Because any choice-of-law issue in this case will be resolved by Georgia choice-of-law principles irrespective of the eventual venue, a determination of which law applies is not necessary for this motion. Boardman Petroleum, Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998).

13

"render it virtually <u>impossible</u> to obtain an impartial jury." <u>Haworth, Inc. v. Herman Miller, Inc.</u>, 821 F. Supp. 1476, 1480 (N.D. Ga. 1992) (citations omitted) (emphasis added). "Where presumed prejudice is alleged, the relevant question is <u>not</u> whether the community is <u>aware</u> of the case, but whether the prospective jurors have such <u>fixed opinions</u> that they are unable to judge impartially and resolve the dispute between the parties." <u>Id.</u> (internal citations omitted) (emphasis added). The fact that this case was heavily reported in Colorado—and in fact all over the country—does not prove that Plaintiffs could not get a fair trial there. <u>See id.</u>; Conti Decl. ¶¶ 4-7, Exhibits C, D. Here, Plaintiffs offer no proof of prejudice in Colorado other than hearsay evidence regarding a <u>four-and-a-half year old</u> poll.[9]

Rather, in this case, it is clear that pretrial publicity has not so saturated Colorado given that a grand jury was impaneled consisting of Colorado residents, and no one, including Plaintiffs, was indicted. First Amended Complaint (annexed as Exhibit A to Hanswirth Decl.) at ¶ 21. Further, the Boulder District Attorney's comments indicating that she is investigating new leads that do not involve Plaintiffs suggest a lack of any prejudice towards Plaintiffs. Conti Decl., Exhibit B.

---

[9]    Plaintiffs improperly attached two newspaper articles about the hearsay poll as exhibits to Plaintiff's Memo. N.D. Ga. Local Rule 7.1(A)(1). These exhibits should be disregarded as unsupported hearsay. Ignoring the fact that the poll is hearsay and almost five years old, it is also of no value, as it provides no indication as to whether the results would be different anywhere else in the country.

In addition, the prospective venire for the district court in Colorado is comprised of 2,500,000 persons.  <u>U.S. v. Graham</u>, No. Crim. 03-CR-89-04-RB, 2003 WL 23198794, at *1 (D. Colo. Dec. 2, 2003).  Plaintiffs have come woefully short of proving that the people of Colorado would not be able to give Plaintiffs a fair trial.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant Fox News Network, LLC respectfully requests that for the convenience of the parties and witnesses and in the interest of justice, this Court transfer this case to the District of Colorado.

Dated: April 22, 2004

Respectfully Submitted,
HOGAN & HARTSON L.L.P.

Dori Ann Hanswirth
Jason P. Conti
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Facsimile: (212) 918-3100
- and -
ALSTON & BIRD L.L.P.
Judson Graves
Ga. Bar # 305700
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Tel: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel for Defendant*

\\NY - 96405/0035 - 826284 v1

## **Certification of Counsel**

Pursuant to N.D Ga. Local Rule 7.1D, I hereby certify that this document is

submitted in Times New Roman 14 point type as required by N.D. Ga. Local Rule

5.1B.

DORI ANN HANSWIRTH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN RAMSEY, PATSY RAMSEY and       :
BURKE RAMSEY, a minor, by his       :
next friends and natural parents,   :
JOHN RAMSEY and PATSY RAMSEY,       :
                                    :
     Plaintiffs,                   :       CASE NO.: 1 03 CV-3976 (TWT)
                                    :
vs.                                 :
                                    :
                                    :
FOX NEWS NETWORK, L.L.C., d/b/a     :
Fox News Channel,                   :
                                    :
     Defendant.                    :

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a true and correct copy of the

within and foregoing **REPLY MEMORANDUM OF LAW IN FURTHER**

**SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE**

**PURSUANT TO 28 U.S.C. § 1404(a)** upon counsel for Plaintiffs by Georgia

Messenger courier service for hand delivery on this date, addressed as follows:

       L. Lin Wood, Esquire
       L. LIN WOOD, P.C.
       The Equitable Building
       Suite 2140
       100 Peachtree Street
       Atlanta, Georgia 30303-1913

This 23rd day of April, 2004.

_____
PATRICK R. COSTELLO
Georgia Bar No. 189329

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
(404) 881-7777 facsimile

*Counsel for Defendant*