FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 28 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN RAMSEY, PATSY RAMSEY, and )
BURKE RAMSEY, a minor, by his )
next friends and natural parents,)
JOHN RAMSEY and PATSY RAMSEY, )
)
    Plaintiffs, ) CIVIL ACTION FILE
)
vs. ) NO. 1 03 CV-3976 (TWT)
)
FOX NEWS NETWORK, L.L.C., d/b/a )
Fox News Channel )
)
    Defendant. )

**PLAINTIFFS' INITIAL DISCLOSURES**

1.

State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

This is a civil action for defamation by broadcast or "defamacast."

Plaintiffs are the parents and brother of JonBenét Ramsey, the 6-year-old child who was murdered in December of 1996 in Boulder, Colorado. Defendant owns and operates a twenty-four (24) hour cable news channel known as Fox News Channel.

On December 27, 2002, in connection with the sixth (6th) anniversary of the death of JonBenét Ramsey, defendant televised a news segment about the JonBenét Ramsey murder investigation on



the Fox News Channel. In the news segment, defendant's reporter and correspondent, Carol McKinley uttered the following false and defamatory statements of and concerning plaintiffs:

> Detectives say they had good reason to suspect the Ramseys. The couple and JonBenét's nine-year-old brother, Burke, were the only known people in the house the night she was killed. JonBenét had been strangled, bludgeoned and sexually assaulted, most likely from one of her mother's paintbrushes. The longest ransom note most experts have ever seen – three pages – was left behind. Whomever killed her spent a long time in the family home. Yet, there has never been any evidence to link an intruder to her brutal murder.

The gist of the statements uttered by Ms. McKinley in the December 27 news segment falsely conveyed (a) that Boulder detectives had suspected at some point in the investigation that Burke Ramsey was involved in the murder of his sister; (b) that Boulder detectives had good reason to suspect that Burke Ramsey was involved in the murder of his sister; and (c) that in all probability, one or more members of the Ramsey family was involved in the murder of JonBenét.

In fact, Burke Ramsey has never been a suspect in the investigation of the murder of his sister. At the time of the broadcast of the news segment, John and Patsy Ramsey were no longer under investigation as potential suspects in connection with their daughter's murder. There exists substantial evidence

gathered by law enforcement officers that links an intruder to the brutal murder.

Defendant had actual knowledge of the truth of the facts set forth in the above paragraph _prior_ to the broadcast of the news segment. Therefore, the statements at issue were broadcast by defendant with actual knowledge of falsity.

Prior to the broadcast of the news segment, defendant had actual knowledge that the City of Boulder Police Department as well as the Boulder County District Attorney's Office had publicly stated that Burke Ramsey had never been a suspect in the brutal murder of his sister. Prior to the broadcast, former Boulder District Attorney Alex Hunter had executed a sworn affidavit stating that Burke Ramsey had never been a suspect and the Hunter affidavit had been filed as a public record in other Ramsey civil litigation.

Prior to the broadcast, defendant had actual knowledge that there was evidence collected by investigators that linked an intruder to the brutal murder. Prior to the broadcast, Ms. McKinley had discussed the intruder evidence with Lou Smit, an experienced homicide detective who had been employed by the Boulder District Attorney's office to work on the Ramsey murder investigation. Ms. McKinley's discussions with Detective Smit included viewing Detective Smit's PowerPoint presentation on the

evidence that linked an intruder to the murder.

Prior to the broadcast, Ms. McKinley had been provided with a copy of the December 20, 2002 letter of Boulder District Attorney Mary Keenan that made clear that John and Patsy Ramsey had been thoroughly and exhaustively investigated as potential suspects and thus, conveyed that the investigation would be focusing on leads and evidence that linked an intruder to the murder.

Additionally, evidence linking an intruder to the murder was a matter of public record and available for public review prior to the broadcast in the civil matter captioned *Robert Christian Wolf v. John Bennett Ramsey and Patricia Paugh Ramsey*, Civil Action file No. 00-CIV-1187 (JEC) in the United States District Court for the Northern District of Georgia, Atlanta Division. In that case, on March 31, 2003, just over three (3) months after the broadcast, Judge Julie E. Carnes of the United States District Court for the Northern District of Georgia entered an order granting summary judgment in favor of John and Patsy Ramsey, stating in pertinent part:

> Moreover, the weight of the evidence is more consistent with a theory that an intruder murdered JonBenét than it is with a theory that Mrs. Ramsey did so.

ORDER, *Wolf v. John Bennett Ramsey and Patricia Paugh Ramsey*,

Civil Action file No. 00-CIV-1187 (JEC) at 90.

On April 7, 2003, Boulder District Attorney Keenan issued a statement in which she concurred with Judge Carnes' opinion, stating in pertinent part:

> I have carefully reviewed the Order of United States District Court Judge Julie Carnes in the civil case of *Wolf v. John Ramsey and Patricia Ramsey*. I agree with the Court's conclusion that "the weight of the evidence is more consistent with a theory that an intruder murdered JonBenét than it is with a theory that Mrs. Ramsey did so."

Plaintiffs contend that defendant negligently broadcast the news segment and that defendant broadcast the news segment with actual malice.

Plaintiffs seek monetary compensation for the damage to their reputations and for punitive damages to punish and deter defendant.

The issues in the case include, but are not limited to, the following: (1) whether the gist of the televised news segment is false and defamatory; (2) whether statements published and broadcast by defendant about plaintiffs were false; (3) whether statements published and broadcast by defendant defamed plaintiffs; (4) whether the false and defamatory statements were negligently published and broadcast by defendant; (5) whether the false and defamatory statements published and broadcast by

defendant damaged the reputation of plaintiffs, and if so, (6) the extent of such damage and the amount of actual damages to be awarded to plaintiffs; (7) whether defendant's conduct surrounding the publication and broadcast in question constitutes willful misconduct, malice, fraud, wantonness, oppression or that entire want of care that would raise the presumption of conscious indifference to consequences and whether the false and defamatory statements were published by defendant with actual malice, and (8) the amount of punitive damages to be awarded to plaintiffs to punish and deter defendant.

[**Plaintiffs reserve the right to supplement or amend this disclosure response.**]

2.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiffs contend are applicable to this action.

- O.C.G.A. § 51-5-1, Libel defined; publication prerequisite to recovery.

- O.C.G.A. § 51-5-3, What constitutes publication of libel.

- O.C.G.A. § 51-5-4, Slander defined; when special damages required, when damage inferred.

- O.C.G.A. § 51-5-5, Inference of malice; rebuttal thereof; effect of rebuttal.
- O.C.G.A. § 51-5-10, Liability for defamatory statements in visual or sound broadcast; damages.
- O.C.G.A. § 51-5-11, Admissibility of evidence in libel action concerning correction and retraction; effect thereof on damages.
- O.C.G.A. § 51-12-5.1, Punitive damages
- <u>Harcrow v. Struhar</u>, 236 Ga. App. 403 (1999)

**[Plaintiffs reserve the right to supplement or amend this disclosure response.]**

3.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

4.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Plaintiffs have not made any decision at this time with respect to witnesses expected to be called as expert witnesses at the trial of this case. Plaintiffs will supplement their response to this disclosure request at such time as decisions of this nature are made in accordance with the requirements of the Federal Rules of Civil Procedure and the rules of this Court regarding such duty of supplementation.

5.

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

6.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Plaintiffs seek to recover actual damages to compensate them for the damage to their reputations resulting from defendant's publication and broadcast of false and defamatory

accusations about them. The measure of damages is the enlightened conscience of fair and impartial jurors.

In addition, plaintiffs seek to recover punitive damages in an amount that an impartial jury decides in its enlightened conscience is sufficient to punish and deter defendant. O.C.G.A. § 51-12-51.

7.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Not applicable.

8.

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.

Not applicable.

Submitted this __27th__ day of May, 2004.

**L. LIN WOOD, P.C.**

_____
L. Lin Wood
Ga. State Bar No. 774588

_____
Katherine M. Ventulett
Ga. State Bar No. 727027

Suite 2140
The Equitable Building
100 Peachtree Street, NW
Atlanta, Georgia 30303
404/522-1713

Attorneys for Plaintiffs John and Patsy Ramsey and for Plaintiff Burke Ramsey and His Next Friends and Natural Parents, John and Patsy Ramsey.

**ATTACHMENT A**

Plaintiffs are currently aware of the following individuals who are likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

Plaintiff John Ramsey
Address:      Withheld for privacy reasons.
Telephone:    Withheld for privacy reasons.
Subject:      Falsity of statements; damages.

Plaintiff Patsy Ramsey
Address:      Withheld for privacy reasons.
Telephone:    Withheld for privacy reasons.
Subject:      Falsity of statements; damages.

Plaintiff Burke Ramsey
Address:      Withheld for privacy reasons.
Telephone:    Withheld for privacy reasons.
Subject:      Falsity of statements; damages.

Carol McKinley
Address:      Denver, Colorado
Telephone:    Unknown
Subject:      The December 27, 2002 news Segment and all issues related thereto and discussed therein; defendant's coverage of the JonBenét Ramsey case; falsity of statements; actual malice.

Lou Smit
Address:      Justice Center
              1777 Sixth Street
              Boulder, CO  80302
Telephone:    303/441-3700
Subject:      Falsity of statements; the JonBenét Ramsey murder investigation.

Representatives of the Boulder County District Attorney's Office, including current Boulder District Attorney Mary Keenan and former District Attorney Alex Hunter.
Address:        Justice Center
                1777 Sixth Street
                Boulder, CO  80302
Telephone:      303/441-3700
Subject:        Falsity of statements; the JonBenét Ramsey murder investigation.

Representatives from the City of Boulder Police Department.
Address:        1805 33rd Street
                Boulder, CO 80301
Telephone:      303/441-3700
Subject:        Falsity of statements; the JonBenét Ramsey murder investigation.

All individuals identified in Paragraph 6 of the March 29, 2004 Declaration of L. Lin Wood, previously filed in this action.

**[Plaintiffs reserve the right to supplement or amend this disclosure response.]**

**ATTACHMENT C**

The following categories of documents in Plaintiffs' possession, custody or control are relevant to disputed facts:

(1) A transcript of the December 27, 2002 broadcast of the Ramsey Segment.

(2) The October 12, 2000 affidavit of former Boulder District Attorney Alexander M. Hunter.

(3) The April 7, 2003, statement of Boulder District Attorney Mary T. Keenan.

(4) The December 20, 2002 letter of Boulder District Attorney Mary T. Keenan.

(5) All pleadings, depositions and evidence in the following cases:

(a) <u>Hoffman-Pugh v. Ramsey</u>, (N.D. Ga.) Civ. A. No. 1:01-CV-0630-TWT

(b) <u>Ramsey v. Thomas</u>, (N.D. Ga.), Civ. A. No. 1:01-CV-0801 (WBH)

(c) <u>Wolf v. Ramsey</u> (N.D. Ga.), Civ. A. No. 1:00-CV-1187-JEC

(d) <u>Ramsey v. NYP Holdings, Inc.</u>, (S.D.N.Y.) Civ. A. No. 00 Civ 3478 (VM)

(e) <u>Ramsey v. American Media, Inc.</u>, (N.D.Ga.) Civ. A. No. 1-99-CV-3087

   (f) <u>Ramsey, v. Globe International, Inc.</u>, (N.D. Ga.) Civ. A. No. 1-00-CV-1164-WBH

   (g) <u>Otworth v. Ramsey</u>, (N.D. Ga.), Civ. A. No. 1-00-CV-2023-CAM

   (h) <u>Ramsey v. Time Warner Co. Inc.</u>, (S.D.N.Y.) Civ. A. No. 00 Civ. 3477 (VM)

(6) Photographs and video, including photographs and video of the Ramsey family and former Ramsey home in Boulder, Colorado.

(7) Articles and television broadcasts about the JonBenét Ramsey murder investigation.

(8) Documents relating to the reporting by defendant and Carol McKinley on the JonBenét Ramsey murder investigation.

**[Plaintiffs reserve the right to supplement or amend this disclosure response.]**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN RAMSEY, PATSY RAMSEY and BURKE RAMSEY, a minor, by his next friends and natural parents, JOHN RAMSEY and PATSY RAMSEY, ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION FILE |
| vs. ) | NO. 1 03 CV-3976 |
| ) FOX NEWS NETWORK, L.L.C., d/b/a ) Fox News Channel, ) ) Defendant. ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **PLAINTIFFS' INITIAL DISCLOSURES** upon Defendant by depositing same in the United States Mail, postage prepaid and addressed to the following counsel for Defendant:

Mr. Judson Graves
**Alston & Bird, LLP**
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309-3424

Ms. Dori Ann Hanswirth
Mr. Jason P. Conti
Ms. Trina R. Hunn
**Hogan & Hartson, L.L.P.**
875 Third Avenue
New York, NY 10022

This 27th day of May, 2004.

_____
L. Lin Wood
Attorney for Plaintiffs